## McCREDIE et al. v. DUBUQUE FIRE & MARINE INS. CO.

No. 6927—Opinion Filed Dec. 26, 1916.

Rehearing Denied March 20, 1917.

(163 Pac. 535.)

(Syllabus by the Court.)

**Mortgages—Foreclosure—Parties—Junior Incumbrancer.**

A junior incumbrancer is not a necessary party to a suit by a senior mortgagee to foreclose in such a sense that his presence on the record is necessary to a valid decree.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Suit by the Dubuque Fire & Marine Insurance Company against Annie E. McCredie and husband, and others. Judgment for plaintiff against the defendant McCredie and husband, and they bring error. Affirmed.

See, also, 49 Okla. 496, 153 Pac. 846.

Wm. P. Harper, for plaintiffs in error.

George A. Matlack, for defendant in error.

PER CURIAM. On August 22, 1913, in the district court of Oklahoma county, Dubuque Fire & Marine Insurance Company, defendant in error, as payee, sued Anna E. and Hugh McCredie on their promissory note for $6,000 then due and payable and to foreclose their mortgage on certain lots in Oklahoma City given to secure the payment of the note.

The petition, among other things, alleged that one Smith and another Meyer claimed an interest in the property adverse and prior to plaintiff's claim, and for that reason were made parties defendant in order to have their rights determined. Summons was duly served upon all the defendants save Meyer, as to whom the same was returned not found, "he being dead." No revivor was had against his administrator or heirs. Smith defaulted. On January 12, 1914, there was a trial upon the issues joined between plaintiff and the McCredies, a judgment of foreclosure rendered and entered as prayed, and the lots ordered sold to satisfy the amount of the mortgage debt. On July 14, 1914, order of sale issued, directed to the sheriff, and on August 18th the lots were sold pursuant thereto. Thereafter the McCredies moved the court to vacate the judgment on the ground that the action was not revived against the heirs or personal representatives of Meyer, and later objected to the confirmation of the sale on that and four other grounds; and when the court overruled their objections and confirmed the sale, they appealed from the order of confirmation to this court.

Although Meyer, a junior mortgagee, was a proper party, he was not a necessary party to the suit. Hence there is no merit in the contention that the judgment is void without his presence or the presence of his heirs or personal representatives on the record. 27 Cyc. 1578, says:

"A junior incumbrancer is not a necessary party to a suit by a senior mortgagee to foreclose in such a sense that his presence on the record is necessary to a valid decree; but it is always both proper and prudent to join him as a defendant, both to give him an opportunity to defend and to extinguish his right of redemption, for if he is not thus connected with the action his rights will not be in any way affected by the decree."

See, also, Yoder v. Robinson et al., 45 Okla. 165, 145 Pac. 775; Horr v. Herrington et al., 22 Okla. 590, 98 Pac. 443, 20 L. R. A. (N. S.) 47, 132 Am. St. Rep. 648; Dewatteville v. Sims, 44 Okla. 708, 146 Pac. 224.

In his third assignment on page 20 of his brief, counsel for plaintiffs in error complains that the proof of publication of the notice of sale is insufficient, and hence the sale should have been set aside by the court. But this we will not consider, for the reason that such was not contained in his objections to the confirmation of sale, and hence was not called to the attention of the trial court. But instead, he did aver in a third objection to the confirmation that the order of sale under which said property was sold does not conform to the judgment rendered in said cause, nor such order set out the names of the defendants to such action, nor whose property is to be sold thereunder, which we will not consider, since counsel has failed to rely thereupon in his brief.

There is no merit in the remaining contentions.

Affirmed.

All the Justices concur.