**APACHE LANES, INC., a corporation, et al., Appellants,**

v.

**NATIONAL EDUCATORS LIFE INSURANCE COMPANY, Appellee.**

Nos. 45446, 45440.

Supreme Court of Oklahoma.

Sept. 10, 1974.

Rehearing Denied Jan. 7, 1975.

F. Paul Thieman, Jr., C. Rabon Martin, Crowe & Thieman, Tulsa, for appellants.

Best, Sharp, Thomas & Glass, Joseph A. Sharp and Jack M. Thomas, Tulsa, for appellee.

HODGES, Justice.

This is an appeal from the trial court which awarded judgment to the creditor against six individual guarantors based on a contract of guaranty after a mortgage foreclosure action which had resulted in a deficiency.

The issue to be decided is whether the failure of a creditor in a foreclosure proceeding to seek a deficiency judgment against the debtor also bars an action against a guarantor. The focal point of contention is our interpretation of 12 O.S. 1971, § 686. We find the action is barred, and the judgment of the trial court should be reversed.

The controversy arises out of an action that was initially commenced on May 19, 1964, by the mortgagee, National Educators Life Insurance (Creditor), against Apache Lanes, Inc., an Oklahoma Corporation (Debtor), and against six individual guarantors of the mortgage note. In the first cause of action, the creditor sued on the note claiming judgment against the debtor and against the guarantors but as to the latter only "in the event that the proceeds of such (mortgage foreclosure) sale be not sufficient to satisfy the amount of the indebtedness as set out hereinbefore." The second cause of action sought foreclosure of the mortgage against the debtor.

After separate answers by the debtor and the guarantors, the trial court ordered the property, a bowling alley, sold at foreclosure sale. On June 28, 1965, the property was sold at sheriff's sale to the creditor for $125,170.00 which was confirmed by the court on October 6, 1965.

Approximately five years later, on May 15, 1970, the creditor filed a motion for summary judgment against the guarantors. The motion asserted that a deficiency of more than $41,000.00 had not been paid by the debtor and prayed for judgment against the guarantors in that amount. The guarantors also filed a motion for summary judgment. Both motions were overruled, and the case was set for trial on the issue of the liability of the guarantors, based upon the original pleadings filed in 1964.

After trial, the court granted judgment "against the individual guarantors in the amount to which each of them had personally guaranteed".

The guarantors and National appealed the judgment. The appeals were consolidated, and assigned to the Court of Appeals, Division No. 1. By written opinion the judgment of the trial court was affirmed.

The issue presented is one of first impression. Although the question is suggestive of much legal rhetoric, the issue is basically an interpretation of 12 O.S.1971, § 686. This statute, which pertains to deficiency judgments in a foreclosure suit, provides in pertinent part:

"* * * Simultaneously with the making of a motion for an order confirming the sale or in any event within ninety days after the date of the sale, the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment upon notice to the party against whom the judgment is sought or the attorney who shall have appeared for such party in such action. * * * If no motion for a deficiency judgment shall be made as herein prescribed the proceeds of the

sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist."

The guarantors contend that the contract of guaranty cannot be enforced because a motion for deficiency judgment was not filed within the prescribed 90 day period and therefore the mortgage debt has been satisfied.

The guaranty agreement provided:

"For value received, we the undersigned stockholders of Apache Lanes, Inc. guarantee payment of the foregoing promissory note, with the individual liability of each of us limited to the amount designated below. It is understood that this guarantee is a prerequisite for the advance of the funds represented by this promissory note, and that our liability is several up to the amount indicated for each of us."

The creditor admits that their failure to seek a deficiency judgment against the debtor is a bar to an action against the debtor. But they insist that this prohibition is no bar for an action against the guarantors. Their argument is premised upon the legal principle that a guaranty contract is a separate obligation or contract which is unconditional and apart from the original note. They assert a valid cause of action against the debtor is not a prerequisite. They contend that 12 O.S. § 686 is nothing more than a statute of limitations, and that a mere delay of a creditor in enforcing his remedy against a debtor beyond the statute of limitations is no bar to an action against a guarantor.

Generally, a guarantor is not discharged merely because the cause of action against a debtor is barred. See Dupree v. Jordan, 123 Okl. 91, 252 P. 67 (1927). And, while there is a conflict of authority, the majority view is that an action to recover on a contract of guaranty cannot be defended by showing that the claim against the original debtor has been barred by the statute of limitation. 53 C.J.S. Limitations of Actions, § 10, p. 933; 58 A.L.R.2d 1272; Dupree v. Jordan, supra. However, while we adopt this view as supportive by 15 O.S. § 342, we do not find it applicable in this case.

The basis for the majority rule is that a statute of limitation does not discharge the debt or extinguish the cause of action, but only operates as a bar to an otherwise valid cause of action. Therefore the guarantor has in his own hands the means of protecting himself by paying the debt and then suing the debtor for restitution.

But Section 686 by its express language is more than a statute of limitation. It specifically discharges and extinguishes the debt. It provides that if no motion for a deficiency judgment is sought then the proceeds from the foreclosure sale "regardless of amount shall be deemed to be in *full satisfaction* of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist" (emphasis supplied).

If, by failure of the creditor to seek a deficiency judgment as prescribed by Section 686, the debt has been fully discharged and satisfied, what cause of action does the creditor have against a guarantor? We submit none. For a guarantor is only liable to the creditor in the event the debt is not satisfied. How can there be a debt when the debt has been satisfied? If it were otherwise then a guarantor would have no recourse against the debtor as he would have a complete defense to the cause of action—satisfaction of the debt.

Title 15 O.S. § 338 exonerates a guarantor where by any act of the creditor, without the consent of the guarantor, the original obligation is altered, impaired or suspended. Section 344 provides that where a debtor's obligation is discharged by operation of law, the guarantor is not exonerated, absent the intervention or omission of the creditor. In this case, it was the failure or omission of the creditor in seeking a deficiency judgment which altered, im-

paired, and led to the discharge of the debtor's obligation.

Certiorari granted; decision of the court of appeals and judgment of the trial court reversed with directions to sustain guarantors' motion for summary judgment.

All Justices concur.

SIMMS and DOOLIN, JJ., having certified their disqualification in this case, Hon. FLOYD E. JACKSON and C. F. BLISS, Jr., were appointed Special Justices in their stead.