1999 OK CIV APP 52

**Jo M. BRASHEARS, Plaintiff,**

and

**Sherry Canady, Patricia E. Weathers, Albert Kramer, Margie Hembree, Michelle Glenn, Thomas Glenn, Jeffrey Durr, Kimberly Speegle, and Bart Speegle, Plaintiffs/Appellants,**

v.

**SIGHT 'N SOUND APPLIANCE CENTERS, INC., Defendant/Appellee.**

No. 91288.

Court of Civil Appeals of Oklahoma, Division No. 3.

Feb. 12, 1999.

Certiorari Denied May 4, 1999.

David Humphreys, Luke J. Wallace, Humphreys Wallace Humphreys, Tulsa, Oklahoma, For Plaintiffs/Appellants.

Joseph R. Farris, Paula J. Quillin, Feldman, Franden, Woodard & Farris, Tulsa, Oklahoma, For Defendant/Appellee.

## OPINION

ADAMS, Judge:

¶1 Plaintiffs/Appellants Canady, Weathers, Kramer, Hembree, the Glenns, Durr, and the Speegles (Consumers[1]) seek reversal of a trial court order which granted judgment to Defendant/Appellee (SSAC) on their claims against SSAC for deceit and alleged violations of the Oklahoma Consumer Protection Act (the Act), *et seq.*[2] The essence of Consumers' claims is that SSAC employed "bait and switch" advertising.[3]

1. We use the term "Consumers" to refer to the Plaintiffs/Appellants collectively. Unless the specific identity of one or more of Plaintiffs/Appellants is material to the issue, we will use this term even though all of the Plaintiffs/Appellants may not be affected by the issue involved.

2. All Consumers alleged violations of § 753(8), (9), (12) and (20) of the Act, but only Weathers and Canady alleged violations of § 753(7). Actually, only Weathers, Hembree, and Durr may argue violations of § 753(20) because subsection 20 was not added to § 753 until after the other Consumers' transactions had already occurred.

3. Section § 753 of the Act provides, in pertinent part, that a person engages in a unlawful practice who, in the course of business:

(7) Represents, knowingly or with reason to know, that the subject of a consumer transaction is of a particular standard, style or model, if it is of another;

(8) Advertises, knowingly or with reason to know, the subject of a consumer transaction with intent not to sell it as advertised;

\* \* \*

\* \* \*

\* \* \*

(12) Employs "bait and switch" advertising, which consists of an offer to sell the subject of a consumer transaction which the seller does not intend to sell, which advertising is accompanied by one or more of the following practices:
a. refusal to show the subject of a consumer transaction advertised,
b. disparagement of the advertised subject of a consumer transaction or the terms of sale,

\* \* \*

d. refusal to take orders for the subject of a consumer transaction advertised for delivery within a reasonable time,

\* \* \*

(20) Commits an unfair or deceptive trade practice as defined in Section 752 of this title.

## STANDARD OF REVIEW

¶2 SSAC attacked all of the claims on three grounds, filing a Motion to Dismiss and an alternative Motion to Strike. In doing so SSAC relied upon evidentiary material outside the petition. Based thereon, Consumers argued that SSAC's motion should be treated as a motion for summary judgment, listing the material facts which prevent dismissal and summary judgment and attaching additional evidentiary material outside the petition to support their arguments. Because the trial court did not expressly exclude the parties' evidentiary materials, we treat its orders which disposed of claims on the merits as a summary judgment. *See 12 O.S.1991 § 2012(B).*

¶3 In reviewing those orders, we must examine the pleadings, depositions, affidavits and other evidentiary materials submitted by the parties and affirm if there is no genuine issue as to any material fact and SSAC is entitled to judgment as a matter of law. *Perry v. Green,* 1970 OK 70, 468 P.2d 483. All inferences and conclusions to be drawn from the evidentiary materials must be viewed in a light most favorable to Consumers. *Ross v. City of Shawnee,* 1984 OK 43, 683 P.2d 535. We are limited to the issues actually presented below, as reflected by the record which was before the trial court rather than one that could have been assembled. *Frey v. Independence Fire and Casualty Co.,* 1985 OK 25, 698 P.2d 17.

## ANALYSIS

### STATUTE OF LIMITATIONS

¶4 Consumers argue that the three-year period provided by 12 O.S.1991 § 95(2) applies to their actions filed pursuant to the Act and that *American Pipe and Construction Co. v. Utah,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), requires tolling of that limitation period while a class action in Gar-

field County was pending in which Plaintiff Brashears was a named party. SSAC contends the one-year period provided by 12 O.S.1991 § 95(4) applies and that *American Pipe* requires that the limitation period not be tolled under the circumstances of this case.[4] Because the Speegles and Canady allege SSAC violated the Act on June 5, 1993, and in November of 1993, respectively, but did not file their petition until January 21, 1997, their claims would be barred under either § 95(2) or (4), *if* the trial court's interpretation that *American Pipe* does not require tolling is correct. Therefore, we begin our analysis with that legal issue.

### Tolling .

¶5 *American Pipe* held "the *commencement* of a class action suspends the applicable statute of limitations as to *all asserted members of the class* who would have been parties had the suit been permitted to continue as a class action," 94 S.Ct. at 766. A subsequent case, *Crown, Cork & Seal Company Inc., v. Parker,* 462 U.S. 345, 354, 103 S.Ct. 2392, 2397–2398, 76 L.Ed.2d 628 (1983) concluded the *American Pipe* rule applies not only to those members who intervene after the denial of class certification but also those who file actions on their own and that "[o]nce the statute of limitations has been tolled, it remains tolled for all members of the *putative* class until class certification is denied." (Emphasis added.)

¶6 SSAC argues there was no tolling because *American Pipe* limited the effect of its ruling to individuals who were denied class status because of an inability to satisfy the numerosity requirement of the federal class action rules. Although *American Pipe* noted that it was addressing only a case where class certification was denied because of lack of numerosity, nothing in *American Pipe* suggests that it would be improper to apply the rule in other cases. Any doubt

4. Both *American Pipe* and *Crown, Cork & Seal Company Inc. v. Parker,* 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983), a later case relied upon by Consumers, involved tolling of a statute of limitations created by federal law. None of the parties have suggested that Oklahoma, with class action statutes patterned after the Federal Rules of Civil Procedure, should follow a differ-

ent rule, and both parties stated at oral argument that we should follow the decisions of the United States Supreme Court in this regard. Therefore we choose not to prolong the decision in this case by exploring whether those decisions are "binding" on us, but choose to follow them under the circumstances of this case.

about the application of *American Pipe* to cases involving classes which were denied certification on other grounds was removed by *Crown, Cork & Seal Company Inc. v. Parker*, 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983), which involved a denial based on other factors.

¶ 7 Relying principally upon language in a specially concurring opinion in *Crown, Cork & Seal*, SSAC also argues the tolling rule does not apply because the allegations of the plaintiffs in the Garfield County case were too broad to give SSAC fair notice of the claims. For purposes of this case we need not decide whether such an evaluation of the class action pleadings in the earlier case is required for tolling to apply.

¶ 8 In *Crown, Cork & Seal* the Court concluded that the limitation period for Mr. Parker's individual discrimination action against his employer was tolled until the requested class which would have included Mr. Parker was denied certification in a class action filed by other black individuals alleging racial discrimination in employment. The Court concluded the filing of that class action tolled Mr. Parker's individual action, despite the class action complaint's very broad class description. Faced with that decision, we cannot conclude that the much narrower class description involved here did not give SSAC fair notice of the claims in this lawsuit. Although Consumers were not ultimately determined to be part of the class certified in the Garfield County action, they would have been if the broader class proposed by the Garfield County plaintiffs had been certified. We hold the statute of limitations was tolled by the Garfield County class action.

## Other Limitation Issues

■ ¶ 9 SSAC argues that Consumers' claims are all time-barred because § 95(4)'s

one-year period applicable to "an action upon a statute for penalty" applies because the Act provides for civil penalties under some circumstances. *See* 15 O.S.Supp.1994 § 761.1(b) and (c).[5] Consumers disagree, arguing § 95(2)'s three-year period for "an action upon a liability created by statute other than a forfeiture or penalty" applies.

■ ¶ 10 The test for determining whether a statute is penal or not is whether its purpose is to afford a private remedy to a person injured by the wrongful act, or for the benefit of the state to punish an offense against the state. *Tulsa Ready–Mix Concrete Company v. McMichael Concrete Co.*, 1972 OK 53, 495 P.2d 1279. As evidenced by the Legislature's use of the terms "civil penalty" and "forfeiture," to some extent at least, the Act must be considered to be penal.

■ ¶ 11 However, a statute can be both penal and remedial. *Culbertson v. McCann*, 1983 OK 57, 664 P.2d 388. A "penal action" is one founded entirely on statute and brought with the *sole* object of recovering a penalty or forfeiture imposed as punishment for a specific offense, while a "remedial action" is one brought to obtain compensation or indemnity. *Smith Engineering Works v. Custer*, 194 Okl. 318, 151 P.2d 404 (1944).

■ ¶ 12 The Act authorizes the recovery of damages by either a private citizen, *e.g.*, § 761.1(A), or the Attorney General or the district attorney, *e.g.*,, and neither § 761.1(B) nor (C) limits the recovery of civil penalties by the State. Therefore, the Act is penal in some respects and remedial in others, depending on who is suing and what they are seeking to recover. When different portions of the statutes of limitations apply to different portions of a statute that is penal in one respect and remedial in another, they should be so employed. *Cummings v. Board*

5. Section 761.1(B) provides, in pertinent part, that "[t]he commission of any act or practice declared to be a violation of the [Act], if such act or practice is also found to be unconscionable, shall render the violator liable to the aggrieved customer for the payment of a *civil penalty*, recoverable in an individual action only, in a sum set by the court of not more than Two Thousand Dollars ($2,000.00) for each violation." (Emphasis added). Section 761.1(C) provides, in pertinent part, that "[a]ny person who is found to be in violation of the [Act] in a civil action ... *shall forfeit and pay a civil penalty* of not more than Ten Thousand Dollars ($10,000.00) per violation, in addition to other *penalties* that may be imposed by the court, as the court shall deem necessary and proper." (Emphasis added.)

*of Education of Oklahoma City,* 190 Okl. 533, 125 P.2d 989 (1942). Because Consumers, in their individual capacities, are seeking only damages, we agree with Consumers that the three-year period applies to their claims.

¶ 13 This action was filed on January 21, 1997, so the claims alleged by Consumers to have arisen after January 21, 1994, except those of Speegles and Canady, clearly fall within the three-year statute of limitations provided by § 95(2), even without tolling. The Speegles, however, allege their claim against SSAC arose on June 19, 1993, and SSAC does not dispute this date. Applying our prior analysis, the limitations period was tolled from October 4, 1994, when the class action was filed, until June 20, 1996, when the Garfield County court denied certification to a class which included the Speegles. When this action was filed on January 21, 1997, only twenty-three months of the limitation period had expired. Similarly, SSAC did not dispute Canady's allegation that one of his three claims arose in "November, 1993," and considering the tolling period, only eighteen months of the limitation period had expired. Based upon the undisputed evidence, the claims of the Speegles and Canady are not time-barred, as a matter of law.

### NO DAMAGES

¶ 14 The trial court dismissed the claims of Canady, Weathers, Hembree and the Speegles because they had not purchased anything from SSAC. In doing so, the trial court apparently agreed with SSAC's contentions that these Consumers have no "actual damages" because there was "no purchase." For this argument SSAC relies on 15 O.S.Supp.1994 § 761.1(A) which, in pertinent part, provides that "[t]he commission of any act or practice declared to be a violation of the Consumer Protection Act shall render the violator liable to the *aggrieved consumer* for the payment of *actual damages* sustained by the customer, and the *aggrieved consumer* shall have a private right of action for damages, including but not limited to, costs and attorney's fees." (Emphasis added.) Consumers claim they are entitled to recover damages for emotional distress, travel and telephone expenses, loss of time, and the difference in price between what was advertised and what they actually purchased from SSAC or elsewhere—all of which they claim resulted from SSAC's deceptive scheme/practices. SSAC does not dispute the existence of these damages, arguing only that they are not legally cognizable damages.

¶ 15 SSAC's purchase requirement appears to be inconsistent with the Act's definition of "consumer transaction" as "the *advertising, offering for sale,* sale or distribution of any services or any property, ... for purposes that are personal, household, or business oriented." 15 O.S.1991 § 752(2). *See also McCormick Piano & Organ Co., Inc. v. Geiger,* 412 N.E.2d 842 (Ind.App. 3 Dist.1980)(concluding that it is not necessary under the Deceptive Consumer Sales Act that a sale actually take place before a supplier may be liable to a consumer for deceptive acts).

¶ 16 Moreover, we are unpersuaded by SSAC's argument that Consumers' alleged loss of time, inconvenience, travel and telephone expenses may not be considered as "actual damages." Oklahoma Courts have allowed the recovery of such damages in tort actions in the past. *See Williamson v. Fowler Toyota,* 1998 OK 14, 956 P.2d 858 (damages for $15.00 for replacement of lock and chain and $30.00 for one hour of billable time in action for trespass); *City of New Cordell v. Lowe,* 1963 OK 265, 389 P.2d 103 (damages for physical discomfort, inconvenience and loss of time in moving out of house two times in action for damages caused of sewage overflow); *Reliable Mutual Hail Insurance Company v. Rogers,* 61 Okl. 226, 160 P. 914 (1916) (actual damages awarded to petitioners in action for wrongful issue of attachment included loss of time, *i.e.,* traveling long distances and appearing in court several times); and *Barnes v. McKinney,* 1978 OK CIV APP 44, 589 P.2d 698 (detriment caused by the defendant's fraud included plaintiff's *loss of time, inconvenience* and expense incurred in recovering his money back). The trial court erred in concluding, as a matter of law, that Consumers suffered no legally cognizable damages caused by SSAC's alleged violations of the Act.

## PROCEDURAL QUESTIONS

### Misjoinder

¶ 17 Multiple claims may be joined "if the claims arise out of a series of transactions or occurrences and any question of law or fact common to all these persons will arise in the action." 12 O.S.1991 § 2020(A)(1)(b). According to SSAC, all Consumers' claims are improperly joined because they are "several separate and distinct claims by different plaintiffs arising at different times with regard to different items and different stores all against a single defendant," and there are no common questions of law. According to Consumers' allegations and the evidentiary material supporting them, each plaintiff was subjected to and damaged by SSAC's common scheme of bait and switch advertising.

¶ 18 Section 2020 is based on Federal Rule 20, and we may look to both state and federal jurisprudence on the subject for guidance. *A–Plus Janitorial & Carpet Cleaning v. The Employers' Workers' Compensation Association,* 1997 OK 37, 936 P.2d 916. If we understand *A–Plus* correctly, we are to construe its provisions liberally "in order to promote trial convenience and to expedite the final determination of disputes, all with a view to preventing multiple lawsuits." 1997 OK 37, ¶ 21, 936 P.2d at 926.

¶ 19 It is apparent from this record that Consumers' claims share common questions of fact, to wit-did SSAC have a company policy of advertising merchandise and selling to customers which amounted to "bait and switch" advertising. Moreover, the manner in which SSAC approached the legal arguments in this case, contending that all of the claims should be dismissed upon statute of limitations grounds and for lack of "actual damages," indicates the existence of common questions of law. Given the expressed preference for joinder, we must conclude Consumers' actions are properly joined. *See A– Plus,* 1997 OK 37, ¶ 22, 936 P.2d at 927.[6]

## CONCLUSION

¶ 20 Consumers' claims are considered timely, as a matter of law. On the evidentiary material in this record, Consumers' claims are not subject to summary judgment in SSAC's favor because of a lack of "actual damages," and there is no misjoinder. The trial court's judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

### REVERSED AND REMANDED

HANSEN, J., and BUETTNER, P.J., concur.

---

**6.** We express no opinion on whether the trial court may properly exercise its authority under to order separate trials.