2000 OK CIV APP 47

**Paul TIBBETTS, Erwin Olds, Mary Dittmeyer and Mary Pittman, on behalf of themselves and all others similarly situated, Appellants/Counter–Appellees,**

v.

**SIGHT 'N SOUND APPLIANCE CENTERS, INC., an Oklahoma Corporation, d/b/a Sight 'N Sound & Cost Warehouse, Appellee/Counter–Appellant.**

No. 91,714.

Court of Civil Appeals of Oklahoma, Division No. 4.

Nov. 30, 1999.

Certiorari Denied March 30, 2000.

Justin LaMunyon, R.L. Faulkner, Enid, Faulkner Law Firm, Enid, Oklahoma, David Humphreys, Luke J. Wallace, Tanya Humphreys, Humphreys, Wallace, Humphreys Tulsa, Oklahoma, for Appellants/Counter–Appellees.

Craig L. Box, Julia C. Rieman, Enid, Gungoll, Jackson, Collins, & Box, P.C. Enid, Oklahoma, for Appellee/Counter–Appellant.

## OPINION

TAYLOR, J.

¶ 1 Plaintiffs, Paul Tibbetts, Erwin Olds, Mary Dittmeyer, and Mary Pittman, and Defendant, Sight 'n Sound Appliance Centers, Inc., appeal the trial court's order denying attorney's fees and costs in this class action lawsuit brought under the Oklahoma Consumer Protection Act, where a violation of the Act was shown but no damages were awarded. After a review of the record and applicable law, we reverse and remand with instructions.

¶ 2 Plaintiffs are representatives of a class of consumers who purchased Defendant's products. In doing so, Plaintiffs allegedly relied on Defendant's unlawful practices of advertising merchandise with the intent of not supplying reasonably expected public demand; falsely representing that certain products were new when the products were reconditioned, reclaimed, used, or second-hand; engaging in bait-and-switch advertising and sales schemes; and willfully deceiving customers with the intent of inducing them to alter their positions to their injury. Plaintiffs brought this action against Defendants under the Oklahoma Consumer Protection Act.

¶ 3 On application to certify a class, the trial court ruled that Plaintiffs had met their burden of establishing a class action as it related to the purchase of certain televisions from Defendant between January 1, 1993, and December 31, 1994. The class action was tried before a jury. In general, Plaintiffs testified they saw Defendant's advertisement for a Magnavox television, but when they went to purchase it, Defendant represented they were out of Magnavox televisions or only had a floor sample. Defendant then persuaded Plaintiffs to purchase a Goldstar by representing the Goldstar as being a bet-

ter deal. Plaintiffs further testified they had no problems with the Goldstar and did not suffer any monetary damage.

¶ 4 The jury returned a verdict in favor of Plaintiffs, but awarded zero actual and zero punitive damages. Plaintiffs and Defendant moved for costs and attorney's fees. The court denied both motions, finding that neither side was a prevailing party. Both Plaintiffs and Defendant appeal the denial of their motions for costs and attorney's fees. Plaintiffs argue that the jury's verdict in favor of Plaintiffs rendered them the prevailing parties. Defendant asserts that the jury verdict in the amount of zero dollars rendered it the prevailing party.

■ ¶ 5 According to 15 O.S. Supp.1998 § 761.1, entitled "Liability Under Consumer Protection Act":

> A.The commission of any act or practice declared to be a violation of the Consumer Protection Act shall render the violator liable to the aggrieved consumer for the payment of actual damages sustained by the customer and costs of litigation including reasonable attorney's fees, and the aggrieved consumer shall have a private right of action for damages, including but not limited to, costs and attorney's fees. (Footnotes omitted.)

The term "aggrieved consumer" is not defined in the Act. However, Defendant asserts that in order for Plaintiffs to be aggrieved, and therefore entitled to recover attorney's fees, they must prove that they sustained actual damages. Since Plaintiffs recovered zero actual and punitive damages, Defendants argue that Plaintiffs are not entitled to recover attorney's fees.

■ ¶ 6 Oklahoma continues to stand firmly committed to the American Rule, under which a prevailing party may not recover a counsel-fee award absent an authorizing statute or contract. *Morgan v. Galilean Health Enterprises, Inc.*, 1998 OK 130, 977 P.2d 357. The interpretation of statutory language is a question of law, and the appellate court reviews a determination of statutory language under a de novo standard. *Oklahoma Employment Sec. Comm'n v. Oklahoma Merit Protection Comm'n*, 1995

OK CIV APP 76, 900 P.2d 470; *Weeks v. Cessna Aircraft Co.*, 1994 OK CIV APP 171, 895 P.2d 731. Under this standard, the appellate court conducts a plenary, independent, and nondeferential re-examination of the lower court's legal rulings. *Kluver v. Weatherford Hosp. Auth.*, 1993 OK 85, 859 P.2d 1081.

■ ¶ 7 In construing a statute, the reviewing court begins with the statutory language itself, with the ultimate goal of determining legislative intent; however, it is unnecessary to apply rules of construction where the will of the legislature is clearly expressed by the plain language of the statute. *State ex rel. Macy v. Freeman*, 1991 OK 59, 814 P.2d 147; *Bank of Oklahoma v. Welco, Inc.*, 1995 OK CIV APP 43, 898 P.2d 172. A statute should be construed according to the "fair import of its words taken in their usual sense, in connection with the context, and with reference to the purpose of the provision." *Jordan v. State*, 1988 OK CR 227, 763 P.2d 130. Where the legislative intent is plainly expressed and the meaning of the statute is clear, there is no room for judicial construction and the statute will be applied as written. *McNeill v. City of Tulsa*, 1998 OK 2, 953 P.2d 329; *First Am. Bank Trust Co. of Purcell v. Oklahoma Indus. Fin. Auth.*, 1997 OK 155, 951 P.2d 625.

■ ¶ 8 In the present case, § 761.1(A) of the Consumer Protection Act is remedial. See *Brashears v. Sight 'N Sound Appliance enters, Inc.*, 1999 OK CIV APP 52, ¶ 12, 981 P.2d 1270, 1273. Remedial statutes are liberally construed so as to afford all the relief which the language of the Act indicates the legislature intended to grant. *McGough v. Special Indemnity Fund*, 1997 OK 51, 939 P.2d 1136.

¶ 9 The language of § 761.1(A) clearly authorizes the recovery of attorney's fees by the aggrieved consumer where there is the commission of an act or practice which is a violation of the provisions of the Act. The statute specifically states: "The commission of any act or practice declared to be a *violation* of the Consumer Protection Act shall render the violator liable to the aggrieved consumer for the payment of actual damages

sustained by the customer and costs of litigation *including attorney's fees.*" (Emphasis added.)

¶10 The jury found that Defendant had committed an act or practice of bait and switch against Plaintiffs in violation of the Consumer Protection Act. Defendant is therefore liable to Plaintiffs for costs of litigation including attorney's fees. Although the jury found that Plaintiffs did not prove any actual damages, according to the plain language of the statute Plaintiffs are nevertheless entitled to recover their costs of litigation, including attorney's fees. Therefore, the trial court erred in denying Plaintiffs' application for costs and attorney's fees. The decision of the trial court is reversed and the matter is remanded for a determination of Plaintiffs' costs and attorney's fees.

¶11 REVERSED AND REMANDED WITH INSTRUCTIONS.

¶12 GOODMAN, V.C.J., and RAPP, J., concur.