## McDONALD et ux. v. EPPS et al.

No. 26523.   March 24, 1936.

Gomer Smith and Leo J. Williams, for plaintiffs in error.

Jas. A. Veasey, L. G. Owen, Forrest M. Darrough, and Joseph L. Seger, for defendant in error Carter Oil Company.

GIBSON, J.   This action was commenced in the district court of Oklahoma county to recover damages for alleged wrongful death. Suit involving the same cause of action was commenced in Seminole county May 27, 1930, within the statutory period, and dismissed without prejudice March 8, 1932. On August 9, 1932, and after the original statute of limitation had run, the case was filed in Oklahoma county and on January 3, 1934, was dismissed without prejudice. On November 28, 1934, the case was again filed in Oklahoma county. The cause is now here on appeal from the action of the trial court sustaining demurrer to the petition on the ground that the action was barred by the statute of limitations.

Where plaintiff commences his action within the statutory period of limitation and dismisses the same without prejudice after the limitation has expired, he may commence a new action for the same cause within one year after such dismissal, under section 106, O. S. 1931.

Plaintiffs in error contend that where the second action is properly commenced within the year after the first dismissal, successive actions may be maintained if commenced within a year after the next preceding action has been dismissed. This court has recently

held, however, that but one action may be brought under the provisions of the foregoing section. Walker v. L. E. Meyers Const. Co., 175 Okla. 548, 53 P. (2d) 547; United States Fire Ins. Co. v. Swyden, 175 Okla. 475, 53 P. (2d) 284.   In the latter case we held as follows:

"Where an action filed within period of limitation is dismissed or fails otherwise than upon merits after period of limitation, and then under section 106, O. S. 1931, within the year following said dismissal or failure, plaintiff files a second action and dismisses it within the year, he is not entitled to maintain a third action thereon, and said third action is barred by the statutes of limitation."

That case is controlling here, and the judgment of the trial court should be affirmed.

Judgment affirmed.

McNEILL, C. J., and BAYLESS, PHELPS, and CORN, JJ., concur.