## COMMERCIAL CASUALTY INS. CO. et al. v. BROCK et al.

### No. 26513.  March 24, 1936.

Pierce & Rucker, for petitioners.

J. O. Cooke and A. L. Jeffrey, for respondent W. J. Brock.

Mac Q. Williamson, Atty. Gen., and Houston W. Reeves, Asst. Atty. Gen., for respondent State Industrial Commission.

PHELPS, J.  The respondent W. J. Brock received a compensable injury in the course of his employment for which the Industrial

Commission awarded him compensation for temporary total disability at the rate of $18 per week for a period of not to exceed 300 weeks. The insurance carrier, the petitioner here, made these weekly payments for 196 weeks. It then filed its motion to discontinue compensation, alleging that the claimant had fully recovered and was able to return to work. Upon hearing, the Industrial Commission found that the motion to discontinue compensation for temporary total disability should be sustained. It further found that:

"As a further result of said injury claimant has suffered a **temporary partial disability** by reason of which his wage-earning capacity is now $5 per day, or a decrease of $4 per day, the average wage of claimant at the time of said injury having been $9 per day; and, as a result of the aforementioned injury and resulting temporary partial disability, claimant is entitled to sixty-six and two-thirds per cent. of the difference between his average weekly wages at the time of said injury and his wage-earning capacity after January 18, 1935, and during the continuance of such temporary partial disability not to exceed 300 weeks."

The insurance carrier has filed its petition, praying for a review of the last above-mentioned award. It is the contention of petitioner that the order is void for the reason that, as the petitioner had already paid 196 weeks' compensation up to January 18, 1935, and this last order was for 300 additional weeks, the effect of the combined orders was to allow the claimant compensation for 196 weeks more than the statutory limitation of 300 weeks for temporary disability, whether the same be temporary total or temporary partial. In other words, it is the contention of petitioner that when it paid 196 weeks' compensation for temporary total disability, then the claimant could not be awarded compensation for temporary partial disability for a period in excess of 104 additional weeks, making a total of 300 weeks for temporary disability.

The order of the Industrial Commission further said that:

"The commission is further of the opinion: That the sum of $230.85 is a reasonable attorney's fee for the claimant's attorney, J. O. Cooke, in the prosecution of this cause; that the testimony shows conclusively that the condition of the claimant is permanent, the period of disability will extend beyond the 300 weeks, and that according to the American Table of Mortality, claimant has a life expectancy of more than 300 weeks, as provided in said order; that it would be in the furtherance of justice and the rights of the claimant herein that the last 15 weeks of the award herein may be commuted to a lump sum payment without discount and said sum payable to claimant's attorney in this cause off the later end of the 300-week period found due claimant without discount."

It is the contention of the claimant here that, inasmuch as the commission said "that the testimony shows conclusively that the condition of claimant is permanent," it was the intention of the Industrial Commission to make the award in its last order for permanent partial disability, and he asks this court in his brief to so construe the order and make the award accordingly.

It is possible that the construction contended for by claimant would meet the ends of justice, but paragraph 3 of the commission's order is so plainly written that the award was for **"temporary partial disability"** that we are not inclined to place any construction upon this order other than that indicated by the plain unambiguous language of the order, but shall remand the case to the Industrial Commission for its own interpretation or further order, as the facts may justify, based upon the evidence it has already taken, together with such other evidence, as it may require.

It is further contended by petitioner that the order awarding the attorney's fee is void for the reason that it is based upon an award for temporary disability, and therefore there is no way to ascertain when the temporary disability will end. In view of the conclusion reached herein, it is unnecessary to consider this assignment of error.

The award is vacated and the cause remanded to the Industrial Commission for disposition not inconsistent with the views herein expressed.

McNEILL, C. J., OSBORN, V. C. J, and RILEY and BUSBY, JJ., concur.