HONDO PETROLEUM COMPANY and
Traders & General Insurance
Company, Petitioners,

v.

Ruben PIEARCY and State Industrial Court,
Respondents.

No. 39617.

Supreme Court of Oklahoma.

Oct. 9, 1962.

George E. Fisher, Oklahoma City, for petitioners.

B. E. Bill Harkey, Oklahoma City, Walt Allen, Chickasha, for respondents.

DAVISON, Justice.

Under review in this proceeding is the trial tribunal's order allowing claimant con-

tinuing temporary benefits upon recurrence of his healing period.

Following an accidental injury to his back on September 22, 1958, claimant remained totally incapacitated for labor and drew temporary benefits until November 9, 1959. Compensation for his residual impairments, determined on January 15, 1960, at 20 per centum permanent (partial) disability, or 100 weeks, was ordered to commence on November 9, 1959—the point of time when the healing period had ended. Under the method of payment fixed in the award, 10 weeks of compensation, having accrued to date of the adjudication, was payable in a lump sum and the remainder in weekly installments. Without an objection from the employer, the entire balance due under this award *was commuted* on March 3, 1960, to a lump sum and paid in full. On December 29, 1960, claimant applied for further medical care and increased benefits necessitated by an intervening change in his physical condition. The proceeding so initiated culminated in the order under review which finds in its pertinent part that: (a) on September 3, 1960, claimant's condition underwent a change from permanent (partial) to temporary total disability; and (b) claimant is in need of continuing treatment. Employer was directed to furnish medical care and to pay continuing compensation for temporary total disability from September 3, 1960, until cessation of the recurrent healing period, but not to exceed 300 weeks under both past and present orders.

It is not disputed that in the absence of commutation the weekly installments accruable under the prior award (for permanent disability) would have run until September 6, 1961. Employer asserts the order under review is erroneous and unauthorized by law because it grants claimant temporary benefits from September 3, 1960, which date is within the period during which "a previous permanent partial award was running."

Employer's contention implicitly poses four basic questions for our consideration: (a) may the trial tribunal allow additional temporary benefits when recurrence of the healing period arises after adjudication of permanent partial disability? (b) may the trial tribunal entertain an application for such additional benefits in advance of the accrual or maturity of all periodical payments directed to be made under a prior award for permanent partial disability? and, if so, (c) may the trial tribunal allow temporary benefits, on recurrence of the healing period, to commence before the last or final periodical installment fixed in the original award has accrued? and (d) what effect, if any, does a commutation of the prior permanent partial award have upon claimant's right to secure additional benefits for recurrent temporary disability?

■ The law stands firmly settled that an injured workman is entitled to compensation for temporary incapacity *in addition* to an award for permanent partial disability, and this rule applies with equal force and effect whether the injury is specific or unscheduled. Simpson Fell Oil Co. v. Tucker, 158 Okl. 45, 12 P.2d 529. The only statutory limitations are that the aggregate benefits granted for a single injury may not exceed 500 weeks and the allowance for both temporary total and temporary partial disability is restricted to 300 weeks. 85 O.S.1961 § 22, subdivisions 1, 2 and 4; Brooks & Dahlgren v. Pettigrew, 195 Okl. 550, 159 P.2d 743; Hamilton & Hartman v. Badgett, 164 Okl. 31, 22 P.2d 350; Orth Kleifeker & Wallace v. Scott, 173 Okl. 448, 49 P.2d 112; Commercial Casualty Insurance Co. v. Brock, 176 Okl. 348, 55 P.2d 788.

■ The healing period following an injury need not run in uninterrupted succession. It may arise at intermittent intervals. Recurrence of temporary incapacity either before or after a determination of permanent partial disability is made constitutes a change of condition within the contemplation and purview of 85 O.S.1961 § 28, and affords a proper basis for an order allowing *additional* compensation. Capitol Well Servicing Company v. Levescy, Okl., 371 P.2d 905, 908; Kleener Coal Company v. Hamilton, Okl., 363 P.2d 373, 376; Oklahoma City Tent and Awning Company v.

Malson, Okl., 362 P.2d 971, 973; Young v. Daugherty, 203 Okl. 598, 224 P.2d 962.

The jurisdiction of the State Industrial Court "to enlarge or diminish" its former awards on change of condition, as provided in 85 O.S.1961 § 28, may properly be invoked and exercised before the last or final periodical installment under a prior accumulative award has accrued and fallen due. Kadane Const. Co. v. Lee, 176 Okl. 356, 55 P.2d 1031; Kerr, Inc. v. Smith, Okl., 359 P.2d 330, 336.

It therefore follows that on recurrence of the healing period after claimant's disability has reached a state of permanency, the trial tribunal is authorized to allow additional benefits for temporary disability and may entertain an application therefor before the compensatory period fixed in the prior permanent partial award has expired.

█ The next question to be considered is the manner in which payments of temporary benefits should be directed when the recurrent healing interval commences during the compensatory period fixed in the prior accumulative award for permanent disability. Although theoretically speaking periods of temporary and permanent disability may coincide or overlap, payments of temporary and permanent compensation cannot be scheduled in such a manner as to make them accrue or mature concurrently. Hamilton v. Badgett, supra; Kleener Coal Company v. Hamilton, supra. Compensation for temporary disability must run from period to period, or week to week, and *be limited to the actual time of healing or treatment* beyond which it may not extend. Reinhart & Donovan v. Roberts, 157 Okl. 102, 11 P.2d 125; Kleener Coal Company v. Hamilton, supra; Pruitt v. Mid-Continent Pipe Line Company, Okl., 361 P.2d 494, 497. Consistent with this rule, when recurrence of claimant's healing period is found to have begun while a portion of the prior accumulative award (for permanent partial disability) remained unaccrued, the trial tribunal, on allowing claimant additional benefits for the intervening temporary incapacity, must order all unpaid compensation accru-

able under the prior award to be suspended or deferred during the continuance of the recurrent healing period and until its termination. Capitol Well Servicing Company v. Levescy, supra, p. 908; see also Kleener Coal Company v. Hamilton, supra, p. 378.

In the present cause the prior accumulative award of January 15, 1960, was fully commuted to a lump sum on March 3, 1960. As reflected by the trial tribunal's finding in the order under review, claimant's condition underwent a change from permanent (partial) to temporary total disability on September 3, 1960. It is therefore clear that claimant's recurrent healing interval commenced after the trial tribunal had accelerated the maturity of all periodical installments fixed in the award of January 15, 1960. When the present order was entered on December 29, 1960, the entire obligation under the prior award had been satisfied and the compensation period fixed therein at an end. There was hence no unaccrued compensation due under the prior award for permanent partial disability and nothing to be deferred or suspended beyond the duration of the intervening interval of temporary total disability.

Employer asserts that the order allowing additional temporary benefits amounts to "double compensation." Cited in support of this contention are: Okmulgee Gas Engine Corporation v. State Industrial Commission, 178 Okl. 407, 63 P.2d 86; Galey & Molloy v. Belt, 187 Okl. 318, 102 P.2d 868; and Mayo Hotel Co. v. Barney, 185 Okl. 609, 95 P.2d 627. These cases are entirely inapplicable to the legal issues presented in the present proceedings. They deal with employer's right to be allowed a deduction for payment of benefits in excess of the adjudicated liability.

The order under review does not operate in its effect to compel employer's payment of benefits in excess of the statutory amounts. As stated earlier in this opinion, compensation for temporary incapacity is granted *in addition* to an award for permanent impairments. The employer has not been subjected here to greater liability than

that which the trial tribunal would have imposed had there been no commutation of the prior award. The only difference is that, in the absence of a commutation, the unaccrued compensation under the award for permanent partial disability would have been deferred until termination of the recurrent period of healing. The ultimate amount of the adjudicated obligation to be satisfied would, however, in both instances be exactly the same.

Were we to conclude, as employer contends, that the trial tribunal's order under review allows double compensation, an injured workman would be deprived of his right to temporary benefits if the recurrence of his healing interval were to commence within the compensatory period fixed in a former award. Such holding would be contrary to law. A prior award, whether commuted or not, operates only as a determination of the then existing condition and does in no sense constitute an adjudication of any subsequent developments. In fact, the trial tribunal is without authority to forecast that a present condition would not undergo a change in the future. In the absence of an order approving joint-petition settlement, neither the State Industrial Court nor the parties themselves can prevent or bar claimant from proceeding for an additional award on change in condition. 85 O.S.1961 § 28; Knapp v. State Industrial Commission, 195 Okl. 56, 154 P.2d 964, 966; Gardner Petroleum Co. v. Poe, 166 Okl. 169, 26 P.2d 743; see also Commander Mills, Inc. v. Stanstill, 180 Okl. 202, 69 P.2d 60, 61.

■ We conclude that inasmuch as the prior award has been commuted, payments directed under the present award cannot be said to run concurrently with compensation previously allowed. Kerr, Inc. v. Smith, supra, and cases cited therein. There was therefore no error in directing compensation for temporary total disability to begin on September 3, 1960, the date on which claimant's condition underwent a change to a recurrent healing stage.

Award sustained.