Betty L. **VINYARD**, Appellant,

v.

Glen L. **SMITH**, Anthony Cruse, and **Moore Hospital Board d/b/a Moore Municipal Hospital, an agency of Moore Public Works Authority**, Appellees.

No. 72315.

Court of Appeals of Oklahoma, Division No. 1.

Feb. 12, 1991.

Rehearings Denied March 20, 1991.

Certiorari Denied May 14, 1991.

Michael H. Brady, Keith P. Connell, and Jake Hunt, Brady, Schaulat &amp; Falsetti, Oklahoma City, for appellant.

W. Wayne Mills, Michael W. Hinkle, and Glynnis C. Edgar, Mills, Whitten, Mills, Mills, &amp; Hinkle, Oklahoma City, for appellees Glen L. Smith and Anthony Cruse.

Glen D. Huff and Darrell W. Downs, Foliart, Huff, Ottaway &amp; Caldwell, Oklahoma City, for appellee Moore Mun. Hosp.

## MEMORANDUM OPINION

ADAMS, Presiding Judge:

On September 26, 1986, Betty L. Vinyard, the plaintiff, filed a petition alleging medical negligence by the appellees, the defendants. Summons issued to each defendant but was returned "not found" on October 6, 1986. No further summons issued, and the case was formally dismissed by minute order for lack of service on April 7, 1987. On January 20, 1988, the plaintiff filed a second petition against these defendants alleging the same cause of action. In response to a defense request for summary judgment, the trial court ruled the plaintiff's claim was barred by the statute of limitations and granted all defendants judgment against the plaintiff on her petition. She appeals.

It is undisputed the statute of limitations began to run on Mrs. Vinyard's claim no earlier than September 22, 1984. She contends the 1986 petition timely commenced her action. Therefore, according to her theory, she had one year from the dismissal of the first action to commence the second. 12 O.S.1981 § 100. Agreeing with the defendants, the trial court found Vinyard could not take advantage of § 100 because she had not exercised "due diligence" in obtaining service in the first action. We disagree.

Under § 100 a litigant whose initial action fails "otherwise than on the merits" can commence a new action within one year even though the statute of limitations expires before the new action is filed. In order to take advantage of this so-called savings statute, the plaintiff must have commenced the initial action "within due time". Prior to the adoption of the Oklahoma Pleading Code in 1984, 12 O.S.1981 § 97 determined when the action was commenced. It provided in part:

> An action shall be deemed commenced within the meaning of this article, as to each defendant, at the date of the summons which is served on him, or on a codefendant, who is a joint contractor or otherwise united in interest with him.... An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of this article, when the party faithfully, properly and diligently endeavors to procure a service; but such attempt must be followed by the first publication or service of the summons, or if service is sought to be procured by mailing, by a receipt of certified mail containing summons within sixty (60) days.

As interpreted in cases such as *C &amp; C Tile Co. v. Independent School Dist. No. 7 of Tulsa County*, 503 P.2d 554 (Okla.1972) and *Green v. Huff*, 636 P.2d 907 (Okla. 1981), this statute required "good faith" and "due diligence" by the plaintiff in obtaining service within sixty days of the issuance of the first summons. Were § 97 still in effect, the trial court's decision would be correct. However, the Legislature specifically repealed § 97 in the same enactment which adopted the Oklahoma Pleading Code. 1984 Okla.Sess.Laws, c. 164, § 32, p. 628.

At the same time, the Legislature enacted 12 O.S.Supp.1984 § 2003 which provides: "A civil action is commenced by filing a petition with the court." In doing so, the Legislature expressed its clear intent to change the law. See *Irwin v. Irwin*, 433 P.2d 931 (Okla.1965). While not binding on the courts, the drafting committee comment to § 2003 supports this conclusion. Under § 2003, a civil action is commenced *for all purposes* by filing the petition with the court. Were we to adopt the defendants' argument, the Legislature's repeal of § 97 would be a vain act.

Although the defendants have cited numerous cases, many of them federal, holding "due diligence" is required to take ad-

vantage of a saving statute, none of those courts were confronted by a clear, deliberate, legislative choice to remove "due diligence" language from the law governing commencement of actions for purposes of the statute of limitations. We should not frustrate the expressed will of the people's elected representatives where that will may be constitutionally applied.

The defendants suggest this interpretation leads to an absurd result, arguing a plaintiff would be able to indefinitely extend the limitation period without any reasonable attempt at notice to the defendant. As initially adopted, the Oklahoma Pleading Code included provisions to avoid this problem. Under § 2004(I), as initially adopted in 1984, an action could be dismissed after 120 days for lack of service if the plaintiff could not show good cause why service was not made in that period. Under this same section, the action was deemed dismissed after 180 days without service. Since a plaintiff can take advantage of the saving statute, 12 O.S.1981 § 100, only one time, see *McDonald v. Epps*, 176 Okl. 348, 55 P.2d 1018 (1936), a plaintiff would not be able to extend the period indefinitely.[1]

The Legislature made a decision to change the law, and we are not free to frustrate that decision merely because it differs from previous practice. The plaintiff filed her initial action in "due time" and therefore had one year from its dismissal in which to file the second action. The trial court erred in concluding otherwise and granting judgment to the defendants. The judgment is reversed, and the case is remanded for proceedings as provided by law.

REVERSED AND REMANDED.

BAILEY and MacGUIGAN, JJ., concur.

---

**1.** The Legislature amended § 2004(I) in 1989 and 1990, see 1989 Okla.Sess.Laws, c. 208, § 1, p. 540 and 1990 Okla.Sess.Laws, c. 248, § 8, p. 901. While these amendments may arguably remove "mandatory" dismissals from the statute, the section retains sufficient power for the trial court to dismiss cases where the plaintiff does not pursue service diligently.