Thomas Kelly BODINE, Petitioner,

v.

L.A. KING CORPORATION, Hanover Insurance Company and The Workers' Compensation Court, Respondents.

No. 79839.

Supreme Court of Oklahoma.

Feb. 22, 1994.

James W. Keeley, Tulsa, for petitioner.

Paul V. McGivern, Jr., Ronald E. Highnight, McGivern, Scott, Billard, Curthoys & Robinson, Tulsa, for respondents.

HARGRAVE, Justice.

The issue before us is whether there was any competent evidence to sustain the three-judge panel's order overruling claimant's objection to termination of temporary total disability benefits. We find that there was, and sustain the order of the three-judge panel of the Workers' Compensation Court.

Claimant was injured at his employment on September 10, 1990 while lifting a box of tools weighing approximately fifteen pounds. Claimant had been employed as a laminator operator, which required moving rolls of vinyl weighing approximately three hundred pounds. Claimant underwent lumbar laminectomy surgery in the spring of 1991. Claimant received temporary total disability compensation from September 10, 1990, then Respondent moved to terminate the temporary total disability compensation based upon Respondent's doctor's report of September 9,

1991. Dr. F's report of September 9, 1991 expressed the impression that the patient was over the maximum healing time post-injury and post-surgery and that the residual symptoms were of a permanent nature. He stated:

"From an orthopaedic standpoint I do not see the medical necessity for any further medical management. It is my impression that the patient can now return to his normal occupational activities as a production worker. I would initially recommend that he not lift more than 20 to 30 pounds and thereafter, his level of activity can be gradually progressed."

Dr. F did not find any medical necessity for vocational training. Dr. F rated claimant's total impairment, based on AMA Guidelines, at 15%, that being "not over and above any previous impairments."

The Claimant's doctor, Dr. B, released claimant from further neurological treatment on February 10, 1992. Dr. B further opined that claimant would not be able to return to his former occupation. At the outset of the report, Dr. B stated, "Patient has completed a work hardening program and has achieved maximum benefit from supervised neurological care and was released." The total physical impairment rating given by Dr. B under the AMA Guidelines was 24%. Dr. B's recommendation was:

"While I have released Mr. Bodine from neurological care, I do not think that he will be able to return to his former occupation as a production worker. He was involved in a great deal of heavy lifting. This would cause considerable difficulty and reinjury to his back. I am, therefore, releasing him with a restriction that he not lift more than 40 pounds, that he not bend or stoop in crowded spaces for prolonged periods of time. I would recommend that he be considered for vocational rehabilitation and help with his education so that he may get out of the heavy labor work force."

After hearing on Respondent's motion to terminate temporary total disability compensation, the trial judge sustained claimant's objection to termination and ordered compensation to "continue for and during claimant's period of temporary total disability not to exceed 150 weeks." Respondent and insurance carrier were ordered to furnish necessary medical treatment, care and attention for correction of claimant's condition brought about by the injury. Respondent and insurance carrier were further ordered to furnish claimant with a vocational rehabilitation evaluation, and to pay all reasonable and necessary medical expenses incurred by claimant as a result of the injury.

Respondent appealed and the three-judge panel vacated that portion of the trial judge's order for continued temporary total disability compensation. Paragraphs 2, 3, 4 and 9 of the trial judge's order were vacated and replaced with the three-judge panel's finding that claimant was temporarily totally disabled from September 13, 1990 to February 10, 1992, for which claimant was paid compensation. The trial judge's order of March 12, 1992, as modified by the three-judge panel, constitutes the order of the court, including that portion ordering respondent to furnish claimant with a vocational rehabilitation evaluation.

Claimant appealed and the Court of Appeals vacated that portion of the three-judge panel's order that discontinued temporary total disability compensation because of their finding that the claimant remained unable to return to work "during the court-ordered rehabilitation period."

█ Respondent sought certiorari and certiorari was granted. We find that the order of the three-judge panel is supported by competent evidence. *Parks v. Norman Municipal Hospital*, 684 P.2d 548 (Okla.1984). Both claimant's and respondent's doctors' reports established that claimant's maximum medical recovery had been reached and that claimant was capable of working, although initially with restrictions as to the weights he should lift.

In support of his right to continue receiving temporary total disability benefits claimant relies upon Rule 15(B) of the Workers' Compensation Court Rules, Title 85, Ch. 4, App. (1991) which provides:

"1. The employer shall file its Form 11, Motion to Terminate Temporary Compen-

sation, ... If the employer's request to terminate is based upon the written medical report of a physician who indicates the employee has been released from the physician's professional care *and is able to return to work,* a copy of that report which is to be offered at trial shall be attached to the Form 11 ..." (emphasis added)

Claimant maintains that he is not able to return to work because he cannot perform his former job. Claimant has been released from his physician's personal care, but is initially restricted from heavy lifting.

█ Temporary total disability for which compensation may be allowed under 85 O.S. § 22(2) is defined as the healing period, or that period of time following an accidental injury when an employee is totally incapacitated for work due to illness resulting from injury. *Bama Pie, Inc. v. Roberts,* 565 P.2d 31, 34 (Okla.1977). Compensation for this disability must cover a defined period and is limited and may not extend beyond this period. *Id.* In *Bama Pie,* we said that the medical evidence reasonably showed that claimant's condition was permanent and required no further treatment. We said that there is no presumption that temporary total disability continues indefinitely, and that claimant must adduce affirmative proof showing period of disability.

We have held that the petitioner's ability to do light work, though not to engage in the manual labor he had formerly performed, was sufficient to sustain a finding of the Workers' Compensation Court that his temporary total disability period had ended. *Richardson v. M & D Freight Lines,* 322 P.2d 192, 196 (Okla.1957). There is no evidence here that claimant is totally incapacitated for work. Respondent's doctor, Dr. F, opined that the patient was over the maximum healing time post-injury and post-surgery and that the residual symptoms were of a permanent nature, and that the patient could return to his normal occupational activities, with the restriction that initially he not lift more than 20 to 30 pounds and thereafter his level of activity can be gradually progressed. Claimant's doctor released him from further neurological treatment and stated that he had completed a work hardening program and had achieved maximum benefit from supervised neurological care and was released. Claimant's doctor opined only that claimant would not be able to return to his former occupation, and released him with the restriction that he not lift more than 40 pounds and that he not bend or stoop in crowded spaces for prolonged periods of time. Both doctors rated claimant's total physical impairment based on the AMA Guidelines.

The Court of Appeals vacated the three-judge panel's order and based its opinion on the claimant's remaining "unable to return to work—i.e., earn wages—during the court-ordered rehabilitation period." A review of the record fails to support this finding. The trial judge ordered the respondent to furnish claimant a vocational rehabilitation evaluation. The trial court specifically has declined to rule yet on whether to order vocational rehabilitation for claimant pending the outcome of this appeal and that question is not before us.

Based on the testimony of both claimant's and respondent's doctors there was competent evidence upon which to base the three-judge panel's order overruling claimant's objection to cessation of temporary total disability payments. *Parks v. Norman Municipal Hospital,* 684 P.2d 548 (Okla.1984). Accordingly, we vacate the opinion of the Court of Appeals and sustain the order of the three-judge panel.

CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS' OPINION VACATED; THREE–JUDGE PANEL'S ORDER SUSTAINED.

HODGES, C.J., LAVENDER, V.C.J., and SIMMS, OPALA and SUMMERS, JJ., concur.

KAUGER, J., concurs in result.

ALMA WILSON and WATT, JJ., dissent.