Orleene McGOUGH, Petitioner,

v.

**SPECIAL INDEMNITY FUND and The Workers' Compensation Court, Respondents.**

No. 86829.

Supreme Court of Oklahoma.

April 15, 1997.

Rehearing Denied June 26, 1997.

Bob Burke, Oklahoma City, for Petitioner.

Henry A. Meyer, III, Pray, Walker, Jackman, Williamson & Marlar, Oklahoma City, for Respondents.

SIMMS, Justice:

██ We are called upon to decide in this review proceeding the issue of whether a

---

claim against the Special Indemnity Fund for the combined disability caused by two separately-adjudicated compensable injuries may be predicated on a worsening of the *earlier* injury. We hold that it may.

On June 8, 1990, the claimant suffered a work-related accident which produced a traumatic injury to her right shoulder, and rendered her unconscious by a blow to the left side of her head. She sought benefits under the Workers' Compensation Act, and was awarded 7% disability to the body as a whole due to the injury to her right shoulder. On January 14, 1992, she was involved in a second work-related accident, involving her upper back and neck. The resulting claim was resolved by joint petition, with an award of benefits for 30% permanent partial disability to the whole person. The claimant then obtained recovery against the Special Indemnity Fund for the combined effect of the two injures, determined to be 41.5% to the body as a whole, an increase of 4½% over the sum of the separate adjudications of disability.

The claimant began suffering epileptic seizures in December of 1993, which were causally linked to the June 1990 head injury. Alleging a change of condition for the worse, the claimant moved to reopen her initial workers' compensation claim, and in December of 1994, secured an adjudication of an additional 20% permanent partial disability to the body as a whole. She then commenced the instant claim against the Special Indemnity Fund, alleging that the combined effect of her adjudicated disabilities now renders her permanently, totally disabled.

The statute authorizing recovery against the Special Indemnity Fund, 85 O.S.1995 Supp. § 172 provides in pertinent part:

> If an employee who is a "physically impaired person" receives an accidental personal injury compensable under the Workers' Compensation Act which results in additional permanent disability so that the degree of disability caused by the combination of both disabilities is materially greater than that which would have resulted from the subsequent injury alone, the employee shall receive compensation on the basis of such combined disabilities.

The statute refers to the separate disabilities as the "pre-existing impairment," and the "subsequent injury," but there is no question that the remedial focus of this legislation is the "combined disability." But because the claim in this instance was based on a worsening of the earlier injury, rather than the subsequent injury, the Workers' Compensation Court denied relief, focusing exclusively on the words in the statute having to do with "the subsequent injury alone. . . ."

The essence of this review proceeding is the claimant's belief that the Workers' Compensation Court erroneously focused on the chronology of her injuries, rather than upon their combined effect. We agree.

■ The Workers' Compensation Court has placed a strict and inflexible interpretation on the statutory language, contrary to *Special Indemnity Fund v. Treadwell,* 693 P.2d 608 (Okl.1984). Treadwell supports the proposition that the Workers' Compensation Act and the statutes respecting the Special Indemnity Fund are remedial in character, and should be liberally construed to effect the legislative purpose. Here, with the guidance of *Special Indemnity Fund v. Figgins,* 831 P.2d 1379 (Okl.1992) we perceive the purpose of the act in question to be twofold: (1) to encourage employment of previously impaired workers by limiting the employer's liability; and (2) to afford full recovery to the injured worker for the totality of the combined disability. In this context, the statutory language making reference to " ... the subsequent injury ..." must be viewed as descriptive only, and not as a substantive limitation. Logically, a combined disability cannot arise until there have been two or more impairments to combine, and no claim under this statute is *customarily* made until after a second or "subsequent" injury. At that time a "material increase" may be found. *Reynolds v. Special Indemnity Fund,* 725 P.2d 1265, 1268 (Okl.1986).

But it does not follow that the precipitating event for a combined disability claim against the fund may not be a worsening of the earlier, rather than the "subsequent" injury. Such a result is required neither by the letter, nor the spirit of the Workers' Compensation Act. Here, the reopening of the

claim on the "prior" injury established a condition which, if known at the time of the "subsequent" injury would have entitled the claimant to an award of benefits for combined disability. No cogent reason exists to deny relief simply because of the chronology of the proceedings, or the fortuitous order in which the claimant's disabilities became manifest.

The State Insurance Fund has called our attention to language in *Special Indemnity Fund v. Archer*, 847 P.2d 791 (Okl.1993) disallowing recovery for combined disability, where the claimant was unable to demonstrate a "prior" impairment and a "subsequent" injury. The *Archer* claim was based on two separate, compensable simultaneously occurring injuries. But the injuries in that case occurred in 1984, two years before the 1986 amendment to 85 O.S. § 171. The earlier version of the statute made no provision for simultaneous injuries, as it now does. The foundation of the *Archer* decision was this Court's refusal to extend retroactivity to the 1986 amendment. The case is clearly distinguishable.

Because the decision of the Workers' Compensation Court was incorrectly based on the chronology of the claimant's separate injuries, rather than their combined effect, it must be vacated.

CERTIORARI HAVING BEEN PREVIOUSLY GRANTED, WE VACATE THE OPINION OF THE COURT OF CIVIL APPEALS, AND REMAND THIS CAUSE TO THE WORKERS' COMPENSATION COURT FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.

All the Justices concur.