1998 OK CIV APP 85

Troy W. LAMPHEAR, Petitioner,

v.

B.F. GOODRICH, own risk, and the Workers' Compensation Court, Respondents.

No. 90291.

Court of Civil Appeals of Oklahoma, Division No. 3.

March 31, 1998.

Certiorari Denied June 15, 1998.

**616**

W.E. Sparks, Tulsa, for Petitioner.

Robert S. Gee, Ryan G. Robertson, Miami, for Respondents.

*OPINION*

HANSEN, J.

¶1 Petitioner, Troy Lamphear (Claimant), seeks review of a Workers' Compensation Court order, asserting the court erred in denying his request for temporary total disability compensation and in failing to address his request for continuing medical treatment.

¶2 Claimant sustained a series of injuries while working for Respondent, B.F. Goodrich (Employer). The latest was a cumulative trauma back injury in 1986, resulting in a 1988 finding of 50% permanent partial disability. No medical treatment was ordered. In 1990, based on the 1986 injury and previous impairment caused by hearing loss and lung disease, the Workers' Compensation Court entered a permanent total disability award against the Special Indemnity Fund (Fund). Fund was directed to pay compensation of $163.00 per week until Claimant reached age 65. Claimant received these compensation payments from the 1990 award through the time of the latest trial.

¶3 In 1991, Claimant, by reason of a change of condition, moved to reopen his claim arising from the 1986 injury. Claimant asked for temporary disability and medical treatment from June 3, 1991, for an indefinite period. Employer stipulated by letter to the court that [1] Claimant had sustained a change of condition for the worse to his back and [2] the court could enter an order awarding Claimant reasonable and necessary medical expenses involved in surgery or treatment to his back. The letter further noted the parties agreed the issue of temporary total disability should be reserved for a later hearing.

¶4 The Workers' Compensation Court entered a September, 1991, order effecting the stipulations and agreements of the parties. Employer was directed to pay for Claimant's latest surgery and to furnish him with medical treatment, care and attention at the direction of Dr. S. The court expressly reserved the issue of additional temporary total disability for future hearing.

¶5 Subsequent to the 1991 order, Claimant continued in treatment and had additional surgeries. From 1993 through 1996,

Claimant also filed various Form 9, Motions to Set for Trial, regarding temporary compensation, medical treatment, and requests for reimbursement of medical costs. However, the records reflects no hearing or substantive orders on any of these issues until October 1997.

¶ 6  At the October, 1997, hearing, Claimant advised the court the issues were temporary total disability benefits from February 5, 1991, through April 23, 1997, and continuing medical management in the form of pain management and prescription medications. The Workers' Compensation Court denied Claimant's request for temporary total disability benefits. The court neither ruled on nor reserved the question of continuing medical management. Claimant seeks review of this order.

■ ¶ 7  As his first appellate proposition, Claimant contends that he can change his legal status from permanently and totally disabled against Fund, to temporary total disability against Employer, and "receive the necessary medical treatment and additional permanent partial impairment for the open underlying workers compensation claim." What really is first at issue is whether Claimant can reopen his claim against Employer, after having been determined to be permanently and totally disabled against Fund, and establish entitlement to temporary total disability compensation.

■ ¶ 8  Certainly, one can reopen a claim against an employer where the award against Fund was only for a material increase in permanent *partial* disability. See, *McGough v. Special Indemnity Fund,* 1997 OK 51, 939 P.2d 1136. It is, however, well established in our law that the ultimate in disability is permanent *total. National Zinc Company v. Thomas,* 1976 OK ——, 554 P.2d 1. The *Thomas* Court quoted *Brown Brothers v. Parks,* 176 Okla. 615, 56 P.2d 883 (1936), for the rule:

> Where one is totally and permanently disabled this constitutes the ultimate in disabilities, and there can be no increase of disability in such case.

¶ 9  Nonetheless, Claimant, to gain entitlement under 85 O.S.1981 § 28, is not re-stricted to a showing of a change of condition for the worse as to the degree of *disability.* Section 28, which authorizes what is commonly known as *reopening,* provides:

> Upon its own motion or upon the application of any party in interest, on the ground of a change of conditions, the Court may at any time review any award, and, on such review, may make an award, ending, diminishing or increasing the *compensation* previously awarded, subject to the maximum or minimum provided in the Workers' Compensation Act, ... (Emphasis added).

¶ 10  In *Bama Pie, Ltd. v. Raes,* 1995 OK 122, 905 P.2d 811, the Supreme Court held:

> When a change of condition is shown to the tribunal's satisfaction as medically related to an on-the-job injury and producing increased disability *or triggering recurrence of the healing period,* it affords a tenable legal basis for additional relief affordable under the Workers' Compensation Act. 85 O.S.1991 § 28. (Emphasis added).

¶ 11  By its letter to the Worker' Compensation Court of August 28, 1991, Employer stipulated Claimant had "sustained a change of condition for the worse to his back". The court's order of September 6, 1991, found Claimant had sustained a change in physical condition for the worse and held Claimant was in need of further medical treatment, care and attention. That order is final.

■ ¶ 12  It is clear the change of condition had triggered recurrence of Claimant's *healing period.* The question of healing period is particularly relevant because *temporary total disability,* for which compensation may be allowed, is defined as the healing period, or the time an employee is totally incapacitated for work due to illness resulting from injury. *Bodine v. L.A. King Corp.,* 1994 OK 22, 869 P.2d 320. Temporary disability may recur after permanent disability, either partial or *total,* has been adjudged. *Bill Hodges Truck Co. v. Gillum,* 1989 OK 86, 774 P.2d 1063. Under the rule as set forth in *Raes,* at 814, Claimant is entitled to additional relief under § 28 upon recurrence of the healing period.

¶ 13 Further, changing the *status* of Claimant's total disability from permanent to temporary does not increase the quantum of disability as barred in *Brown Brothers v. Parks*, 176 Okla. 615, 56 P.2d at 885. Such action is merely a lateral modification authorized and limited by law.

¶ 14 While one purpose of the Special Indemnity Act, which is intended to encourage employment of physically impaired workers, is to protect employers from liability for combination of old and new disabilities, that Act does not relieve employers of responsibility for an employee's disability resulting from his last injury. *J.C. Penney Co. v. Crumby*, 1978 OK 80, 584 P.2d 1325. Holding Employer liable for Claimant's temporary total disability, which resulted from recurrence of the back injury sustained while working for Employer, is consistent with the purposes of the Workers' Compensation Act, specifically that part concerning Fund.

¶ 15 A finding Claimant was temporarily and totally disabled during a period in which he received permanent total disability compensation from Fund does not mean he is entitled to compensation for both *at the same time*. Payment of temporary and permanent compensation may not be made concurrently. *Hondo Petroleum Company v. Piearcy*, 1962 OK 216, 376 P.2d 1012.

¶ 16 For whatever period Claimant may be determined to have been temporarily totally disabled on recurrence, he is entitled to compensation at the rate established in 85 O.S.Supp.1985 § 22(2). This rate is higher than the permanent total disability rate set for Fund at 85 O.S.1981 § 172(B), which is statutorily dictated to be the permanent *partial* disability rate paid by the employer in the last combinable compensable injury. Section 28 does not authorize the Workers' Compensation Court to affect compensation already paid. Claimant is therefore entitled to receive the difference in the two rates from Employer.

¶ 17 The Workers' Compensation Court also erred in failing to rule on Claimant's request for continuing medical care in its October, 1997 order. That court is required to make specific findings of the ultimate facts responsive to the issues formed by the evidence. *Benning v. Pennwell Publishing Co.*, 1994 OK 113, 885 P.2d 652. Claimant informed the court continuing medical management was one of the issues to be considered at trial. Claimant testified that he would like the court to authorize continuing medical maintenance in the form of prescriptions from Dr. T. Claimant, without objection from Employer, also introduced the medical report of Dr. T. Dr. T. notes Claimant has reached maximum medical improvement, but is still in need of pain medication for control of chronic back pain.

¶ 18 The type of continuing medical maintenance care Claimant requests here is to be distinguished from the medical treatment authorized by the Workers' Compensation Court's order in September, 1991. The latter was meant to produce an "alteration or improvement of a worker's physical condition", and required a § 28 reopening procedure. *Bill Hodges Truck Co. v. Gillum*, 774 P.2d at 1066. The Workers' Compensation Act authorizes continuing medical maintenance without showing a change of conditions. *Id.*

¶ 19 Claimant's request for continuing medical management was supported by the evidence. Employer expressly acknowledged its responsibility for Claimant's medical care at trial. The medical treatment ordered in September 1991, would not encompass the continuing medical care requested by Claimant in 1997. Additionally, in view of Claimant's acknowledgment that his healing period ended in April, 1997, the effectiveness of the 1991 order is problematic. We find no excuse under the law for the Workers' Compensation Court's failure to rule on Claimant's medical care request.

¶ 20 The Workers' Compensation Court's order is VACATED and this matter is REMANDED. Upon remand, the Workers' Compensation Court is to determine the period of Claimant's temporary total disability and to award additional compensation consistent with this opinion. Further, the court is to order Employer to provide Claimant with

continuing medical maintenance in such form as is supported by the record.

VACATED AND REMANDED.

ADAMS, J., concurring specially with separate opinion.

BUETTNER, P.J., dissenting with separate opinion.

BUETTNER, P.J., dissenting:

I respectfully dissent. There does not appear to be any rationale or legal basis to change the status of a claimant from permanently totally disabled to temporarily totally disabled because his condition has worsened. There is no dispute that Claimant was permanently totally disabled since 1990. There is no argument that the additional medical treatment that Claimant sought and received in September 1991 would change that status. Even though Claimant did undergo additional surgeries and required healing time, he was paid benefits during the entire time because he was permanently totally disabled. There was no expectation that his total disability would be temporary rather than permanent. Thus, I would affirm the trial judge.

ADAMS, J., concurring specially:

¶ 1  I concur in the decision by Judge Hansen, but write to point out my additional particular reasons for doing so. I might be persuaded that Claimant was first required to have his permanent total disability award against the Special Indemnity Fund modified in a change of condition proceeding before receiving any temporary total disability benefits were it not for the existence of the September 1991 order concluding that Claimant had suffered a change of condition for the worse and was entitled to further invasive medical treatment. Employer allowed this order to become final and is bound by that order.

¶ 2  It is clear from *Bill Hodges Truck Company v. Gillum*, 1989 OK 86, 774 P.2d 1063, that such medical treatment is permissible and allowed only upon a finding that the "healing period" has reoccurred. In turn, the occurrence of that healing period is equated with temporary total disability in *Bodine v. L.A. King Corporation*, 1994 OK 22, 869 P.2d 320, in which the Court relied upon *Bama Pie, Ltd. v. Raes*, 1995 OK 122, 905 P.2d 811.[1]

¶ 3  By allowing the trial court's order finding a change of condition for the worse and authorizing additional medical treatment which could have been authorized only if the healing period had reoccurred to become final, Employer lost the right to argue that Claimant could not be considered temporarily totally disabled because of the award against the Special Indemnity Fund. Accordingly, I concur.

---

1. While it may be argued that statements in *Bodine* and *Bama Pie* on this issue are mere dicta, they are nevertheless statements by our highest court addressing this issue, and I do not perceive my task to be to attempt to find a way not to apply them merely because I might disagree.