1999 OK CIV APP 72

**Troy W. LAMPHEAR, Petitioner,**

v.

**B.F. GOODRICH, Respondent.**

**No. 92,143.**

Court of Civil Appeals of Oklahoma, Division No. 1.

April 29, 1999.

Certiorari Denied June 22, 1999.

W.E. Sparks, Tulsa, Oklahoma, For Petitioner.

OPINION

CARL B. JONES, Chief Judge:

¶ 1 Petitioner (Claimant) seeks review of that aspect of a Workers' Compensation Court order awarding attorney fees to his attorney. Employer did not file a brief.

Thus, this matter stands submitted on Claimant's brief only.

¶2 This case has an unusual history. In 1988, Claimant was found to have 50% permanent partial disability as a result of a 1986 cumulative trauma back injury. In a 1990 proceeding against the Special Indemnity Fund (based on the 1986 injury and on previous impairments) Claimant was found to be permanently and totally disabled. The Fund was ordered to pay permanent total disability compensation in the amount of $163.00 per week until Claimant reaches age 65. Every fifth weekly payment of $163.00 was to be paid to Claimant's attorney as his attorney fee.

¶3 In 1991, Claimant reopened the claim stemming from the 1986 injury. He sought temporary total disability and medical treatment from June 3, 1991. An order was entered finding a change of condition, and ordering additional medical care, treatment and attention, including the expenses of Claimant's latest surgery. The issue of temporary total disability was reserved.

¶4 Finally, in October, 1997, the trial court considered the TTD issue. It was denied. In the appeal of that decision, the Court of Civil Appeals in a published opinion[1] vacated the trial court's order, holding that Claimant's change of condition had triggered the recurrence of his healing period and Claimant was entitled to temporary total disability compensation. However, because Claimant had continued to receive permanent total disability compensation and because his rate for TTD was higher that the PTD rate allowed against the Special Indemnity Fund, Claimant was held to be entitled to receive only the difference in the two rates.

¶5 On remand, the trial court determined that the applicable law provided for a maximum of 300 weeks of TTD benefits at the rate of $217.00 per week. Claimant's rate for the PTD compensation he already received for those same 300 weeks was $163.00 per week. The difference in those two rates was $54.00 per week and Claimant was awarded that amount for 300 weeks in the total amount of $16,200.00. In the same order, Claimant's attorney was awarded, as his attorney fee, the lump sum of $1,620.00, which is 10% of the net TTD award.

¶6 Now, on appeal, Claimant's attorney complains that his fee on the TTD claim should have been $6,510.00, which is 10% of the gross TTD award of $65,100.00 ($217.00 × 300 weeks), rather than 10% of the net award of $16,200.00. He contends that by statute he was entitled to 10% of the gross award of TTD and that there is no authority allowing a reduction. He further contends that with the quantum meruit approach he would be entitled to far more than the $1,620.00 awarded by the trial court.

¶7 The statute involved is 85 O.S.1991 § 30 which provides in pertinent part:

A claim for legal services shall be determined by the Court on a *quantum meruit* basis; provided, that such claim shall not exceed ten percent (10%) of the amount of the award for temporary disability and shall not exceed twenty percent (20%) of the amount of the award for permanent disability or death benefits."

Clearly, the maximum that Claimant's attorney may be awarded as a fee in a TTD claim is "ten percent (10%) of the amount of the award." The question thus becomes, was the TTD award $16,200.00 ($54.00 times 300 weeks) or $65,100.00 ($217.00 times 300 weeks)?

¶8 It was legally impermissible for Claimant to have received the greater sum because he had already received permanent total disability compensation for the same time period. As this Court noted in the earlier appeal, "Payment of temporary and permanent compensation may not be made concurrently." *Lamphear,* 1998 OK CIV App at ¶15, 970 P.2d at 618 (*citing Hondo Petroleum Co. v. Piearcy,* 1962 OK 216, 376 P.2d 1012). Regardless of what the award could have been if Claimant had not been receiving PTD benefits for the same period of time, the actual TTD award was $16,200.00, not $65,100.00. Further, if Claimant's attorney had been granted the fee he sought ($6,510.00) it would have to come out of the $16,200.00 award to his client. Such

---

1. *Lamphear v. B.F. Goodrich,* 1998 OK CIV APP 85, 970 P.2d 615.

fee would be over 40% of the award and clearly contrary to law.

¶ 9  Finally, an attorney fee of 20% (every fifth weekly payment of $163.00) was awarded in the PTD order.  Although that fee was awarded to Claimant's previous attorney, it is obvious that out of each compensation award, a proper percentage was awarded to Claimant's attorney as a fee.  The trial court properly awarded Claimant's attorney of 10% of the $16,200.00 temporary total disability award to Claimant.  Anything more than that would have been contrary to law.

¶ 10  SUSTAINED.

HANSEN, P.J. and ADAMS, J., concur.