2002 OK CIV APP 19

**Charlotte HARNS, Petitioner,**

v.

**MULTIPLE INJURY TRUST FUND and The Workers' Compensation Court, Respondents.**

No. 95,737.

Court of Civil Appeals of Oklahoma, Division No. 1.

Sept. 28, 2001.

Rehearing Denied Nov. 2, 2001.

Certiorari Denied Jan. 14, 2002.

Susan Jones, Wilson Jones, P.C., Tulsa, OK, for Petitioner.

Georgiana Peterson, Pray, Walker, Jackman, Williamson & Marlar, Oklahoma City, OK, for Respondent Multiple Injury Trust Fund.

---

1. Effective November 1, 1999, the Special Indemnity Fund, against whom Claimant originally filed her claim, was renamed the "Multiple Injury Trust Fund." See 85 O.S.Supp.1999 § 173.

OPINION

ADAMS, Presiding Judge.

¶1 In 1995, Claimant Charlotte Harns suffered injuries to her right ankle, right knee, and right hip which arose out of and in the course of her employment by Goodwill Industries. In 1998, she settled her claim against Goodwill and received lump-sum benefits equivalent to permanent partial disability (PPD) of 63.5% to the whole body. Shortly thereafter, she filed a claim against Multiple Injury Trust Fund [1] (Fund), seeking an award of permanent total disability (PTD) or, in the alternative, a material increase in PPD based on the combination of her 1995 injuries with two unadjudicated, pre-existing disabilities, *i.e.*, 1978 right ankle injury and 1991 left ankle injury. Fund filed an answer, denying her claim on numerous bases.

¶2 After a hearing, the Workers' Compensation Court trial judge found, in pertinent part, that (1) Claimant was a "previously physically impaired person" at the time of her September 1995 injuries by reason of obvious and apparent injuries to her left and right ankles, rating each at 10% PPD, and that (2) Claimant sustained a 10% material increase due to the combination of those injuries with her 1995 injuries. The trial judge ordered Fund to pay compensation to Claimant for 41 weeks at $133.88 per week, without specifying how the period was determined.

¶3 The trial judge further found, in paragraph 5 of the order, "[t]hat for the reasons stated in the preceding two paragraphs, this Court finds that [Claimant] is not permanently totally disabled as a result of combinable injuries against [Fund]." Those two paragraphs provide as follows:

–3.–

That [Claimant] testified that due to the way she walks her back goes out. Also, that she has problems with her left knee. These problems affect and contribute to her inability to work. Both of these problems have arisen since her last injury on

SEPTEMBER 11, 1995 and are not combinable against [Fund].

−4.−

That Dr. Jerry McKenzie, [Claimant's] medical expert at the trial of [Claimant's] latest injury, recommended that [Claimant] receive vocational rehabilitation services. Claimant settled her claim before these services could be implemented.

¶ 4 Claimant filed an *en banc* appeal, but a three-judge panel of the Workers' Compensation Court did not disturb the trial judge's order. In this review proceeding, Claimant argues the reasons within paragraphs 3 and 4 given for denying her claim for PTD are contrary to law and not supported by the evidence,[2] but in the event this Court does not vacate the PTD finding, alternatively argues that the trial court incorrectly calculated the weeks of benefits due for a 10% material increase.

██ ¶ 5 Relying on *Special Indemnity Fund v. Estill*, 1997 OK 99, 943 P.2d 606, and *McGough v. Special Indemnity Fund*, 1997 OK 51, 939 P.2d 1136, Claimant argues, in essence, that any impairment from which she suffered at the time of the hearing on her claim against Fund should have been included in determining whether she was permanently totally disabled, *without regard to whether that impairment arose before or after her most recent compensable injury*. Because we conclude only disabilities or impairments which made Claimant a "physically impaired person" as defined by 85 O.S.Supp. 1994 § 171, may be "combined" with her most recent compensable injury in determining Fund's liability, we disagree.

¶ 6 The statute governing Fund's liability is 85 O.S.Supp.1994 § 172. Subsection A of that statute addresses the disabilities which may be combined, as follows:

If an employee who is a "physically impaired person" receives an accidental personal injury compensable under the Workers' Compensation Act which results in additional permanent disability so that the degree of disability caused by the combination of *both disabilities* is materially greater than that which would have resulted from the subsequent injury alone, the employee shall receive compensation on the basis of *such combined disabilities*. (Emphasis added).

It is apparent that the emphasized language refers to combining the disability which made the employee a "physically impaired person" with the disability resulting from the most recent compensable injury. According to the evidence in this record, Claimant's problems with her back and left knee did not arise until after her 1995 injury and therefore could not make her a "physically impaired person" at the time of that injury.

¶ 7 Moreover, we cannot conclude that either *Estill* or *McGough* require us to ignore the plain meaning of the language chosen by the Legislature. *Estill* involved an impairment which existed prior to the most recent compensable injury but which became more manifestly pronounced following that injury. The Court concluded that the exact chronology of the manifestation of the injury was not controlling. This is not a case of a disability which existed prior to the most recent injury but which only became more apparent after that injury. There is no evidence that the back and left knee problems even existed prior to Claimant's 1995 injury.

¶ 8 *McGough* is similarly inapplicable. In that case, the Court held that Fund's predecessor could be liable for increased disability caused by the combination of the subsequent injury and a *worsening of condition involving a previously existing injury which was also compensable and had been reopened*. The Court concluded there was no statutory impediment to considering the worsening of the previous injury as the precipitating event for Fund liability, stating:

[T]he reopening of the claim on the "prior" injury established a condition which, if known at the time of the "subsequent" injury would have entitled the claimant to an award of benefits for combined disabili-

---

**2.** Claimant states in her Brief in Chief that "[t]here are no disputed facts. The issues raised by [Claimant] are a matter of law." However, her arguments under Proposition Two refer to the record testimony attempting to show Claimant is now permanently and totally disabled, contrary to the trial court's order.

ty. No cogent reason exists to deny relief simply because of the chronology of the proceedings, or the fortuitous order in which the claimant's disabilities became manifest.

*McGough,* 1997 OK 51, ¶ 8, 939 P.2d at 1137–1138.

 ¶ 9 Nothing in this record suggests that Claimant's back and left knee problems are the manifestation of a worsening condition attributable to a prior compensable injury which has been reopened. The Workers' Compensation Court did not err in concluding that Claimant's disabilities which first arose *after* her most recent compensable injury could not be considered in determining Fund's liability.

 ¶ 10 Claimant also contends the trial court erred in considering the question of vocational retraining when such retraining had not been received. Although Claimant apparently contends this is a question of law, she cites no authority which bars the Workers' Compensation Court from considering a claimant's potential for vocational retraining in a case against Fund seeking PTD.[3] We must review the trial court's decision that Claimant was not PTD under the "any competent evidence" standard.

 ¶ 11 The record contains medical expert opinion that "[Claimant] is not permanently and totally disabled, based on age, education, training and experience," and medical evidence recommending Claimant receive vocational rehabilitation. The fact that Claimant chose to settle her case against her employer, giving up her right to receive vocational rehabilitation at her employer's expense, cannot be used to increase Fund's liability. The trial court's decision that Claimant was not PTD as a result of the combination of the disability which could be considered by the trial court, is supported by competent evidence and must be sustained.

¶ 12 Finally, Claimant contends the trial court erred in calculating the benefits due for her 10% material increase. If we understand Claimant correctly, she believes the trial court should have added the disability created by her 1995 injury, 63.5%, to the material

increase of 10% before determining her benefit under 85 O.S.Supp.1994 § 22 (3)(b), which provides:

> (b) With respect to injuries occurring after [November 4, 1994], in case of disability, partial in character but permanent in quality, the compensation shall be seventy percent (70%) of the employee's average weekly wages, and shall be paid to the employee for the period prescribed by the following schedule:
>
> (1) For each percent of the first nine percent (9%) of disability, eighty percent (80%) of the number of weeks of compensation provided by law prior to [November 4, 1994];
>
> (2) For each percent of the next eleven percent (11%) of disability, the identical number of weeks of compensation provided by law prior to [November 4, 1994];
>
> (3) For each percent of the next thirty percent (30%) of disability, one hundred twenty percent (120%) of the number of weeks of compensation provided by law prior to [November 4, 1994];
>
> (4) For each remaining percent of disability, the identical number of weeks of compensation provided by law prior to [November 4, 1994].

Under Claimant's view, her material increase of 10% would be governed by the fourth category of the schedule, because the disability for which Goodwill was responsible exceeded 50%, and she should have received 50 weeks (10% of 500) from Fund.

¶ 13 *Alhjouj v. Special Indemnity Fund,* 1997 OK CIV APP 68, 947 P.2d 1117, confronted a similar argument and held that only Fund's liability could be considered. Claimant contends *Alhjouj* indicated "that the predicating injury—the last work related injury—should be considered as that is the injury giving rise to the liability of the Fund." That contention is at odds with the Court's calculation of the benefit in that case. Faced with a 12.5% PPD caused by the "predicating injury" and 5% material increase, the Court sustained an award of 20 weeks, specifically noting that the claimant

---

**3.** Claimant does not contend that the limitation on the use of such evidence in PTD cases against

an employer contained in 85 O.S.Supp.1994 § 16 applies to Fund.

should receive 80% of the pre-amendment benefit, as provided in the first category of the schedule. Claimant has not persuaded us that *Alhjouj* is wrong.

¶ 14 Based on our review of this record, we must conclude the order of the Workers' Compensation Court is not contrary to law and is supported by competent evidence. The order is sustained.

¶ 15 SUSTAINED

¶ 16 JONES, J., and JOPLIN, J., concur.